IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JUSTIN TRAMANE HAYNES                                             PLAINTIFF

VS.                                         CIVIL ACTION NO. 4:11cv70-FKB

EMCF, et al.                                                      DEFENDANTS

## ORDER

Justin Tramane Haynes, a state inmate, brought this action pursuant to 42 U.S.C. § 1983 alleging denial of due process in a prison disciplinary hearing. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned. Having considered the complaint and Plaintiff's testimony at the hearing, the Court concludes that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Plaintiff alleges that he was wrongfully cited for involvement in an assault upon another inmate. According to Plaintiff, he was not involved in the assault in any way; rather, another inmate known by a nickname similar to one used by Plaintiff participated in the assault. Plaintiff claims that he was denied due process, *inter alia*, because of the hearing officer's refusal to interview his witnesses. As a result of being found guilty on the RVR, Haynes is now housed in segregation. According to Plaintiff, this imposes a hardship on him because his grandmother can no longer visit him.

The protections of due process do not attach to prison disciplinary proceedings unless the punishment received implicates a constitutionally protected interest, such as

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

liberty. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Placement in segregation does not implicate a liberty interest because it does not pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For this reason, Plaintiff's claim fails as a matter of law.

Accordingly, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A separate judgment will be entered.

SO ORDERED this the 10th day of January, 2013.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE